**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUKHVIR SINGH PANNU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 05-72728<br><br>Agency No. A077-381-965<br><br><br>MEMORANDUM [*] |
| SUKHVIR SINGH PANNU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 05-76920<br><br>Agency No. A077-381-965 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 2, 2009
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: RYMER, McKEOWN and N.R. SMITH, Circuit Judges.

Sukhvir Singh Pannu, a native and citizen of India, petitions for review of the decision by the Board of Immigration Appeals (BIA) summarily affirming an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Pannu also petitions for review of the BIA's denial of his motion to reopen seeking adjustment of status based upon an unadjudicated visa petition filed by his United States citizen wife. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review as to Pannu's asylum, withholding of removal, and relief under CAT claims. We grant the petition for review as to the motion to reopen.

Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final decision of the agency. *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir. 2004) (citation omitted). Credibility findings are reviewed under a substantial evidence standard and will be upheld unless the evidence compels a contrary result. *See He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir. 2003) (citation omitted). Substantial evidence supports the IJ's finding that Pannu was not credible because (1) of his demeanor, (2) his submission of fraudulent documents, and (3) his inconsistent statements. Most notably, the record supports the IJ's finding that: Pannu's testimony was not credible based upon his testimony

2

regarding his medical treatment.  Substantial evidence supports the IJ's finding that (1) Dr. Gupta was not employed at the Civil Hospital, where Pannu testified that he was treated; and (2) Dr. Gupta did not treat Pannu in 1988, even if Dr. Gupta was employed by the Civil Hospital.  Accordingly, in the absence of credible testimony, Pannu's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  Because Pannu's CAT claim is based on the same statements found to be not credible, substantial evidence supports the BIA's denial of relief under the CAT.  *See id*. at 1156-57.

We review the denial of a motion to reopen for abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).  When considering Pannu's motion to reopen, the BIA did not have the benefit of our decision in *Ahmed v. Mukasey*, 548 F.3d 768 (9th Cir. 2008), which held that "when the [agency] opposes a motion to reopen for adjustment of status, the BIA may consider the objection, but may not deny the motion based solely on the fact of the [agency's] objection." *Id*. at 772.  Because the BIA denied the motion solely on the government's objection, we grant the petition as to the motion to reopen.  On remand, the BIA shall exercise its independent judgment and discretion in considering and determining this motion.

Each party shall bear its own costs for this petition for review.

3

**PETITION FOR REVIEW DENIED in part and GRANTED in part; REMANDED.**